IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 1 5 2021
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

MICHAEL GATSON                                                               PLAINTIFF

VS.                          CASE NO. 4:20-CV-1451 JM

ARKANSAS DEPARTMENT OF
THE MILITARY                                               DEFENDANT

## AMENDED COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Michael Gatson has been subjected to on account of his race. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.

### Jurisdiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended).

2. The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.

Parties

3. The plaintiff Michael Gatson is an African American male, and is a resident of the United States of America.

4. The Defendant Arkansas Department of the Military is an agency of the State of Arkansas, providing military services to the State of Arkansas.

5. The defendant Arkansas Department of the Military is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.

Facts

6. The plaintiff Michael Gatson became employed by the State of Arkansas, through its Department of Military in March 1986.

7. The plaintiff worked for the Post Engineers with the Department of the Military (DOM), serving as Carpenter Supervisor.

8. The plaintiff worked as a supervisor within the Post Engineers, having oversight over six (6) employees – five (5) carpenters and one painter.

9. Part of the plaintiff's responsibilities and duties was to direct the day-to-day activities of his subordinates.

10. The plaintiff also was tasked with the responsibility of evaluating the work performance of his subordinates, which he did.

11. The plaintiff directly reported to Ross Barron, a Caucasian male, who served as the plaintiff's supervisor.

12. Ross Barron reported to Lt. Col. Danie Chism, a Caucasian male, and an officer within the Department of the Military.

13. In April 2020, the plaintiff evaluated his six (6) employees, and based on his assessment, and the training that he received, he awarded three (3) of his employees four (4) stars, and awarded three (3) of his employees five (5) stars, which is the highest rating.

14. Once the plaintiff evaluated his employees, this caused consternation among some in personnel, and they reported the matter to Lt. Col. Chism on or about May 14, 2020.

15. On May 15, 2020, Lt. Col. Chism contacted the plaintiff, who was off post, and advised him that he needed to change the performance ratings of his employees, reducing the ratings down to three stars.

16. The plaintiff advised Lt. Col. Chism that he gave the employees their ratings based on his assessment of their work, and that he thought that they deserved the ratings that he gave. The plaintiff advised Lt. Col. Chism that he could not downgrade the performance ratings.

17. On May 18, 2020, Lt. Col. Chism again told Mr. Gatson that he needed to change the performance ratings, but he again told Lt. Col. Chism that he could not do that.

18. On May 25, 2020, the human resources department went into the computer system, and downgraded the employees' performance ratings, giving them all three stars.

19. Once the plaintiff saw that changes had been made, he then went into his computer system and changed the performance ratings back to where he had originally assigned the employees.

20. The plaintiff was terminated from his place of employment with the defendant on June 1, 2020.

21. During the time period of May 18, 2020, the plaintiff and other Post Engineer supervisors were on "Director's Leave" due to COVID-19, subject to a two (2) hour recall.

22. The plaintiff was within two (2) hour travel to the military base – Camp Robinson.

23. The plaintiff was also told that he was being terminated for being away on unapproved leave.

## IV.
### Race Discrimination – Title VII of the Civil Rights Act of 1964 (as amended)

24. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, supra., inclusive as though set forth herein word for word.

25. The plaintiff was subjected to disparate treatment on account of his race in that similarly situated white employees who committed offenses worse than what the plaintiff was accused of, were not terminated.

26. Hans Peterson is a Caucasian male Post Engineer supervisor, who supervises the electricians.

27. John King is a Caucasian male Post Engineer supervisor, who supervises heating and air employees.

28. Both Peterson and King were caught several times going off post, and performing jobs on the side, while working for the State of Arkansas.

29. In essence, Mr. Peterson and Mr. King were guilty of stealing time from the State of Arkansas, in that they were found to have been working jobs for their own financial benefit, while on the state's dime.

30. Upon information and belief, Ross Barron was aware of the misconduct of King and Peterson, but simply looked the other way.

31. Upon information and belief, both Peterson and King were issued written disciplinary actions for their misconduct, but they were not terminated.

32. The plaintiff was subjected to disparate treatment on account of his race, in that similarly situated white employees, as mentioned herein, were guilty of more serious infractions, but were not subjected to like punishment.

33. The plaintiff was afforded less favorable terms and conditions of his employment, than similarly situated white employees, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

34. On or about June 19, 2020, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) – Charge No. 493-2020-01440, contending that he was discriminated against based on his race and age, when he was terminated from his place of employment. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

35. In response to the Plaintiff's Charge of Discrimination that he filed with the EEOC – Charge No. 493-2020-01440, said agency issued him a "Dismissal and Notice of Rights" letter dated September 3, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date he received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

36. This cause of action is being brought within ninety (90) days of the plaintiff receiving his right-to-sue letter as referenced in paragraph 35 of this complaint.

37. Due to the above-mentioned acts of discrimination, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

## JURY DEMAND

38. The plaintiff requests that this matter be tried before a jury of twelve (12) fair and impartial citizens of this state.

THEREFORE, the plaintiff is seeking the following relief for the above mentioned described unlawful employment practices:

    a.    declare that the plaintiff has been subjected to unlawful discriminatory practices;

    b.    reinstate the plaintiff to his position with back pay;

    c.    the cost of prosecuting this action;

    d.    attorney's fees;

    e.    and for all other equitable, legal, and just relief.

Respectfully submitted,

PORTER LAW FIRM  
The Tower Building  
323 Center Street, Suite 1035  
Little Rock, Arkansas 72201  
Telephone: 501-244-8200  
Facsimile: 501-372-5567  
Email: Aporte5640@aol.com

By: Austin Porter Jr.  
    Austin Porter Jr. No. 86145

Dated this 15th day of September 2021.

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael H. Gatson<br>4415 Aspen Drive<br>N Little Rock, AR 72118 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01440 | Chris E. Stafford,<br>Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

09/03/2020   *(Date Mailed)*

Enclosures(s)

cc: Melissa M. Butler
EEO/Grievance Officer
DEPT OF THE MILITARY
Camp Joseph T Robinson
Bldg 4201 Box 28
Camp Robinson, AR 72199


PLAINTIFF'S EXHIBIT 5