IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL GATSON                                                    PLAINTIFF

vs.                              Case No. 4:20 cv 1451 JM

ARKANSAS DEPARTMENT OF
THE MILITARY                                                      DEFENDANT

<u>ORDER</u>

Pending before the Court is Plaintiff's motion to extend time for service of his

employment discrimination complaint.  Because the Court finds that Plaintiff has not shown

good cause for his failure to serve the complaint, the motion will be denied.

This case is fraught with infirmities.  It was filed on December 11, 2020, 99 days after the

EEOC notice of right to sue letter was issued.  The named defendant was Coca Cola Bottling

Company (though the complaint also stated that "Defendant Pulaski is an employer" and that

remedies were sought are pursuant 42 U.S.C. §§1981, 1983 as well as §2000(e).) The attorney

signing the complaint was Lawrence Walker.  He gave the address and phone number of John W.

Walker, P.A. when he signed the complaint; he left the firm sometime in March 2021. (Doc. 7)

and did not provide the Court or, it appears, his client with his new contact information.

On September 9, 2021, the Court entered an order advising Plaintiff that his case would

be dismissed unless proof of service was filed by Friday, September 17, 2021 or unless Plaintiff

was able to establish good cause for the failure to timely serve the defendant.  (Doc. No. 4)  On

September 14,2021, Austin Porter, Jr. entered an appearance on behalf of Plaintiff, and the

following day he filed an amended complaint naming the Arkansas Department of the Military as

the defendant (and correcting Plaintiff's surname from "Gaston" to "Gatson").

In his motion for extension of time, Plaintiff points out the errors in the complaint made

by his counsel Lawrence Walker (who as of this time has not been relieved as counsel of record). He states that he was not aware that the wrong defendant had been named and that he had made numerous attempts to get in contact with Lawrence Walker.  He had not known that Lawrence Walker had left John W. Walker, P.A. in March of 2021.  Plaintiff contacted Mr. Porter in August of 2021 but Mr. Porter had undergone surgery on August 10, 2021 and was unable to help at that time.  Plaintiff again contacted Mr. Porter on or about September 13, 2021 and he entered an appearance at this time.

As explained by the Eighth Circuit "under Rule 4(m) [of the Federal Rules of Civil Procedure], if the district court concludes there is good cause for plaintiff's failure to serve within [90] days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996)).  Good cause is not defined in Rule 4(m); the standard has been called "necessarily amorphous" and is dependent on the facts of each case.  *Colasante v. Wells Fargo Corp.,* 81 Fed.Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002)).

However, "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams,* 74 F.3d at 887.  Good cause has been found when "[1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir.

2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
1137, 42 (3d ed.2002).

Mr. Gatson has contacted Court staff about his inability to get in touch with Lawrence
Walker, and the Court is sympathetic to the trouble this plaintiff has been through on account of
Mr. Walker.  However, the circumstances presented to not satisfy the standard for a finding of
good cause to extend the time to serve the Arkansas Department of the Military with the
amended complaint.  This circuit has recognized as "well-established [the] principle that a party
is responsible for the actions and conduct of his counsel and that, under appropriate
circumstances, dismissal or default may be entered against a party as a result of counsel's
actions."  *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir. 1977) (citing to *Link
v. Wabash Railroad*, 370 U.S. 626, 633-34 (1962); see also *Everyday Learning Corp. v. Larson*,
242 F.3d 815 (8th Cir. 2001).  While the results can be harsh, the Eighth Circuit has frequently
held that "[l]itigants choose counsel at their peril." *Inman v. Am. Home Furniture Placement,
Inc.*, 120 F.3d 117, 118 (8th Cir. 1997); *Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th
Cir. 2001) (citations omitted).  As recognized in *Inman*, "[i]f they were truly diligent litigants
who were mislead and victimized by their attorney, they have recourse in a malpractice action."
*Inman*, at 119 (citing *Link* at 634.n. 10).

The Court finds that Lawrence Walker's failure to establish any efforts to serve the
original defendant in this case does not establish good cause to extend the time to serve the
Defendant first-named in this action 377 days after the EEOC issued Plaintiff a determination
and a notice of right to sue.  Plaintiff's Motion for Extension of Time to Accomplish Service
(Doc. 7) is DENIED.  In the absence of proof of timely service, this case is dismissed with

prejudice. [1]

Dated this 20th day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "[T]he Eighth Circuit has held that, under Title VII, a dismissal without prejudice operates to leave a plaintiff as if no action had been filed. *Id.* (citing *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1194 (8th Cir. 1976)). Thus, any dismissal of a Title VII or ADEA case that occurs, as it did here, more than 90 days after the right to sue letter issued is, in substance, a dismissal with prejudice." *Faulkner v. Townsell*, No. 4:18-CV-00353 KGB, 2020 WL 2818512, at *8 (E.D. Ark. May 28, 2020).